UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| IN RE: ) | |
| DAVID W. NOBLIT, ) | Case No. 1:12-CV-406 |
| Administrator ad litem of the estate of ) | |
| Steve A. McKenzie, deceased, ) | |
| ) | Judge Curtis L. Collier |
| Debtor ) | |
| ) | |

# MEMORANDUM & ORDER

Before the Court is a precautionary motion for leave to appeal filed by Appellant Grant Konvalinka & Harrison, P.C. ("Appellant") (Court File No. 1-1). Appellant seeks leave to appeal Bankruptcy Judge Shelley D. Rucker's October 29, 2012 Order, granting Appellee Trustee C. Kenneth Still's ("Appellee") motion for partial summary judgment. Appellant asserts the order being appealed is final. Alternatively, Appellant requests that the Court grant leave to appeal the order. After considering the filings by the parties, the relevant law, and the parties' arguments at the hearing held on July 24, 2013, the Court concludes the October 29 Order is not a final, appealable order and further **DENIES** leave to obtain an interlocutory appeal.

District courts have jurisdiction to hear appeals from final orders of bankruptcy court proceedings pursuant to 28 U.S.C. § 158(a). As a general rule, a final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Barrett*, 337 B.R. 896, 898 (B.A.P. 6th Cir. 2006) (citing *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989)). Appellee explained and Appellant conceded at the July 24 hearing that the October 29 Order, which granted Appellee's motion for partial summary judgment, did not end the bankruptcy court litigation on the merits. Accordingly, it is undisputed that the October 29 Order is not a final, appealable order.

Appellant, however, still seeks leave to bring an interlocutory appeal. Although the Federal Rules of Bankruptcy Procedure do not explicitly provide guidance on this matter, appellate courts reviewing the decisions of bankruptcy courts often apply the standards in 28 U.S.C. § 1292(b). *In re Gray*, 447 B.R. 524, 533 (6th Cir. B.A.P. 2011) (quoting *In re Wicheff*, 215 B.R. at 844). Interlocutory appeals in the federal system are largely disfavored. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368 (1981); *Sinclair v. Schriber*, 834 F.2d 103, 105 (6th Cir. 1987). To establish that relief should be granted under 28 U.S.C. § 1292(b), a district court must consider whether: (1) there is a question of law, (2) that question is "controlling," (3) there is a "substantial ground for difference of opinion," and (4) the appeal would "materially advance the ultimate termination of the litigation." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993).

This Court concludes no extraordinary circumstances exist to grant Appellant leave to appeal. Appellant avers the issue of equitable tolling--which was the issue at the heart of the bankruptcy court's decision--would be determinative of whether the adversary action should proceed. Hence, Appellant claims deciding this issue now would save the Court's time and resources because, if not decided now, this issue would be raised on appeal after the adversary proceeding concluded. Appellee is not opposed to Appellant's motion for leave in part because it contends the law is favorable to Appellee and a decision from this Court would resolve the disputed issue between the parties.

While the Court can appreciate that counsel seeks to resolve a disputed issue, this is not a sufficient basis for granting an interlocutory appeal. As the Court informed Appellant and Appellee at the hearing, parties in most cases would like to have an appellate court intervene to resolve a disputed issue. If appellate courts granted all of those requests, however, this would usurp the power

of the lower courts and would be an improper and inefficient use of judicial resources. In this instance, Appellant has failed to establish why the bankruptcy court action should not go forward. To the extent the issue of equitable tolling is still in dispute when the litigation ends, an appeal can be brought at that time. Appellant, however, has not demonstrated how the criteria necessary to satisfy 28 U.S.C. § 1292(b) have been met.

In sum, the Court concludes that the October 29 Order is not a final, appealable order and that Appellant's request to bring an interlocutory appeal should be denied. Accordingly, the Court **DENIES** Appellant's precautionary motion for leave to appeal (Court File No. 1-1) and **DISMISSES** Appellant's case.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

ENTERED AS A JUDGMENT
  s/ Debra C. Poplin
  CLERK OF COURT